UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES DUSTIN MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1311 |
| | ) |
| DANIEL KENNETH BRANTHOOVER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court previously directed Plaintiff to show cause why this action should not be dismissed for failure to timely serve Defendants as required by Fed. R. Civ. P. 4 [Doc. No. 13] and warned Defendant that the action would be dismissed in the absence of such a showing.

Plaintiff filed a timely response [Doc. No. 14] stating that his efforts to complete service have been hampered by the disconnection of his primary phone number, employment and housing hardship, increased damages, and delays due to several other lawsuits that are related to this case. The response further asserts that although he has not been formally served, Defendant Branthoover is aware of this lawsuit. Plaintiff requests an extension of the service deadline and permission to file a motion seeking leave to amend his complaint.[1]

---

[1] Plaintiff's request for leave to amend his complaint is unnecessary. Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course no later than…21 days after serving it." Plaintiff has not served his Complaint and therefore does not need to seek leave of court to file an amended complaint.

This action was filed on December 16, 2024. Plaintiff's Application to Proceed IFP was granted on January 13, 2025 and, at that time, he was instructed that the United States Marshals Service would serve process at the address provided by Plaintiff if he provided service copies of the Complaint. *See* Doc. No. 7. Plaintiff then filed a Notice [Doc. No. 8] and Motion [Doc. No. 10] requesting that the United States Marshal Service effect service. The Court denied Plaintiff's motion without prejudice and again instructed him to provide a service copy of the Complaint, a summons, and Form USM-285 in order to initiate service by the United States Marshals Service. Plaintiff did not comply with these instructions or file anything further until the Court instructed him to show cause for his failure to complete service.

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Pursuant to this Rule, an extension of the service deadline is mandatory if the plaintiff shows good cause for the failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841-42 (10th Cir. 1995). If the plaintiff does not show good cause, the Court must then consider whether a permissive extension is warranted. *Id.* Importantly, even a pro se litigant is "obligated to follow the requirements of Fed.R.Civ.P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

Here, Plaintiff has not shown good cause for his service failures. "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the

2

rule." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Inadvertence, negligence, mistake, or ignorance of the rules are not typically sufficient to show good cause. *Id.* Plaintiff was provided specific instructions regarding the steps he need to take to initiate service by the United States Marshals Service, yet he failed to comply. Plaintiff has not shown meticulous efforts to comply with the rules nor has he adequately explained how any of the cited hardships prevented him from complying with the Court's instructions. Plaintiff has therefore not shown good cause and a mandatory extension is not warranted.

Nevertheless, given Plaintiff's pro se status and the fact that he initially made some attempts to comply with the service requirements, the Court will grant Plaintiff a permissive extension of time to effect service. Plaintiff is granted until July 11, 2025 to effect service on Defendant. Plaintiff is advised that a failure to complete effect service within this time limit will result in dismissal of this action without prejudice. Plaintiff is further advised that if he wishes to rely on the United States Marshals Service to effect service, he must provide service copies of the Complaint, along with a copy of the Order granting his application to proceed in forma pauperis, summons, and Form USM-285, to the Clerk of Court.

IT IS ORDERED this 11th day of June, 2025.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE